## JOSEPH CLIFFORD *versus* JASON D. CONY.

Plea in abatement of a former action must show that it is pending, and must also refer to the record. Want of form in a plea in abatement may be taken advantage of, on a general demurrer.

THIS was an action which was brought into this Court by appeal from a judgment of the Court of Common Pleas in this county, holden on the third Tuesday of May last. The declaration was as follows, *viz. : " Jason D. Cony,* a deputy-sheriff in and for said county, was attached to answer to *Joseph Clifford* in a plea of debt, for that whereas one *Theophilus Hamblin,* by the consideration of the justices of the Supreme Judicial Court, holden at *Augusta,* within and for the said county of *Kennebeck,* on the first Tuesday of June, in the year of our Lord one thousand eight hundred and four, recovered judgment against the plaintiff for the sum of sixteen dollars and twelve cents debt and costs of suit, taxed at fourteen dollars and eighty three cents, being *thirty [ * 496 ] dollars and ninety-five cents in the whole ; and the said *Hamblin,* afterwards, on the twenty-fifth day of June, in the same year, sued out a writ of execution in due form of law against the plaintiff for the recovery of the aforesaid sum ; and afterwards, on the twenty-eighth day of the same month of June, the plaintiff paid the said *Hamblin* fourteen dollars and seventy cents, part of the sum due on said execution, which sum was then and there endorsed on said execution ; and the said *Hamblin,* afterwards on the twenty-fifth day of October, in the same year, delivered the said writ of execution to the said *Cony,* then and there being a deputy-sheriff in and for said county as aforesaid, with the sum of fifteen

dollars, and no more due, thereon ; and the said *Cony* afterwards, on the tenth day of October, in the same year, at ——, aforesaid, he then and there being a deputy-sheriff as aforesaid, did then and there wilfully and corruptly demand and receive of the plaintiff the sum of four dollars for and as his fee on and for the collection of said execution or the sum then due thereon as aforesaid ; which sum exceeds the fees established by a law of this commonwealth ; whereby the said *Cony* hath forfeited the sum of thirty dollars to the use of the plaintiff, who brings the action for the recovery of the same. Yet the said *Cony,* though often requested, the same sum has not paid, but detains it ; to the damage of the said *Clifford,* as he saith, the sum of fifty dollars."

The writ in this action was tested the 27th day of April, 1805, was served on the defendant, *Cony,* the 6th of May following, and returnable to the Court of Common Pleas on the third Tuesday of the same month. The defendant appeared and pleaded in the Court of Common Pleas as follows ; *viz.:* " And the [ * 497 ] said *Cony,* by *Bridge* and *Williams,* his * attorney, comes and defends the force and injury when, &c., and prays judgment of the plaintiff's writ and declaration aforesaid, and that the same may be quashed, because he says, that after committing of the said supposed offence in the same declaration mentioned, and long before the day of the commencement of the plaintiff's action thereof against the said *Cony,* to wit, on the eighth day of April, in the year of our Lord one thousand eight hundred and five, at said ——, the right of action for the same supposed offence was attached in one *John Brooks,* and that the said *Brooks,* there afterwards on the same day, sued forth out of the clerk's office of said Court of Common Pleas, a certain writ against him, the said *Cony,* directed to the coroners of the county of *Kennebeck* aforesaid, by which said writ the said coroners were commanded to attach the goods and estate of the said *Cony,* and to have him, the said *Cony,* before the said Court of Common Pleas, then next to be holden at *Augusta,* within and for the said county on the third Tuesday of May, to answer to the said *Brooks* in a plea of debt, and that the said coroners then and there should have that writ ; and that afterwards, and before the return of the said writ, and before the said *Clifford's* writ was served upon him, the said *Cony,* and before he, the said *Cony,* had any notice of that writ's being sued out, or intended to be sued out, to wit, on the 8th day of April aforesaid, he, the said *Cony,* was served with said writ so sued out by the said *Brooks,* and in obedience to the said writ, he, the said *Cony,* according to the course and practice of the said court, at the return of the said writ so sued out by the said *Brooks,* appeared in the said court here to answer to

the said writ so sued out by the said *Brooks* ; and that thereupon the said *Brooks*, at this term of * this Court, to [ * **498** ] wit, on the third Tuesday of May instant, exhibited his writ aforesaid against the said *Cony* in due form for the recovery of the supposed debt by him demanded as aforesaid. And the said *Cony* says, that the said *Brooks'* action aforesaid, against him, the said *Cony*, is for the same cause of action, and for the same identical supposed offence as that complained of in the plaintiff's declaration aforesaid ; and this the said *Cony* is ready to verify ; wherefore he, as before, prays judgment of the said writ and declaration of the said *Clifford*, and that the same may be quashed, and for his costs. "

To this plea the plaintiff demurred generally, and the defendant joined in demurrer. The demurrer concluded thus : " Wherefore, for want of a sufficient answer in this behalf, the said *Clifford* prays judgment, *and his debt aforesaid with his damages by reason of the detention of that debt to be adjudged to him*." (*a*)

The judgment in the Court of Common Pleas, which was rendered by consent of the parties, without argument and merely for the purpose of bringing the action immediately to this Court by appeal, was, that the plea in abatement was good and sufficient in law to abate the plaintiff's writ and declaration ; and that the same should be quashed, and that the defendant should recover his costs. From which judgment the plaintiff appealed, and entered the same in this Court.

*P. Mellen*, for the plaintiff. There are two objections to the plea : *First*, that it does not show the pendency of the former action, or what had been done with it ; and, *Secondly*, there is no averment that the proceedings appear of record ; which ought to have been made that the plaintiff might reply *nul tiel record*. Perhaps the plea ought to * have set out the declaration [ * **499** ] in the first action, that it might appear to the Court that the first was for the same cause of action with the present. However that may be, either of the other objections is sufficient. In *Com. Dig.* Abatement, I. 11, it is laid down that " a plea in abatement ought to be with precise and strict exactness ; that it ought to be pleaded with certainty ; and that it ought to be certain to every intent." *Ibid.* H. 24. " The former action must be shown to be pending ; and if of the same term must show that this action was filed such a day, and that the other action was filed before, *viz.* : such a day, otherwise it will not avail." And so are the precedents.

(*a*) Quære if this was not a discontinuance. See *Com. Dig Pleader, W.* 2. 1 *Salk* 177. 218 *Lill. Ent.* 9, marginal note.

CLIFFORD *vs.* CONY.

In *Lill. Ent.* 2, 7, 11, the pleas state the pendency of the former action, and refer to the record.

*Wilde,* for the defendant, referred to the case of *Coombe* vs. *Pitt,* 3 *Bur.* 1423, to show that the plea in abatement was sufficient. It is sufficient to show by the plea that at the time of the purchase of the writ, the plaintiff had no right ; this is done ; and no subsequent event shall place him in a better situation than he was when he commenced his action. In *Bac. Abr.* Pleas and Pleadings, F. 11, it is said that " where the plaintiff has sued out two writs against the same defendant for the same thing, the first not being determined, the second writ shall abate ; and it is not necessary that both should be pending at the time of the defendant's pleading in abatement, for if there was a writ in being at the time of suing out the second, it is plain the second was vexatious and ill *ab initio,* and therefore could not be rectified by a subsequent determination of the first." The precedents which have been cited from *Lilly* are all of former actions commenced by the same person ; and although the pleas state the pendency of the former actions, yet, according to the rule [ * **500** ] in * *Bac. Abr.,* it was not necessary ; nothing therefore can be inferred merely from the form of pleading in those cases. Suing out a writ in cases of this nature attaches a right in the person who purchases the writ ; and a discontinuance, &c., if it existed, ought to be shown by the other side. But here it sufficiently appears that the first action was entered and pending at the time of the plea filed. The plea states that the first writ was returnable to the Court of Common Pleas to be ·holden on the third Tuesday of May, and the defendant, in obedience to the writ, according to the course and practice of the Court, at the return of the writ, appeared in the Court to answer to the same, and that the plaintiff, at the same term, (the term in which the plea in abatement was filed,) exhibited his writ aforesaid against the defendant in due form, &c. ; the whole term is, in law, but one day ; and therefore it substantially appears that the first action was pending at the time of the plea filed ; that it was pending in the same term at the same time. If the plea be not correct in point of form, yet it is sufficient on a general demurrer ; and it would be very hard to compel the defendant to answer to a second action for a mistake in pleading, a mistake merely in form, and which ought to have been pointed out as cause of demurrer, that he might stop in season, and amend ; which is the true reason why mistakes in form cannot be taken advantage of on a general demurrer.

But in this case the plaintiff's declaration is bad, and therefore it is of no consequence whether the plea be good or not. [*Court* We do not take notice of defects in the declaration upon a demur-

372

rer to a plea in abatement.] *Wilde.* The facts relied upon by the defendant might have been pleaded in bar, (1) and therefore the rule of strict construction, as to pleas in abatement in general, is applicable to the present case.

*Mellen,* in reply. It has been contended that pen- [ *501 ] dency of the first action need not be averred in a plea, and that the negative must come from the other side. This is contrary to all rules of pleading, and is expressly contradicted by the authorities cited for the plaintiff. But it is said that it does appear by the plea that the former action was pending, and the allegation respecting the exhibition of the writ, &c., is relied on. There is no certainty in that allegation; the plea does not even allege that the action was entered. The records, *here,* always state that the action was entered. If it be contended that exhibiting means entering, then the plea ought to have averred that that action was entered previous to the entry of the present; and then, perhaps, it might compare with the *English* practice of filing a declaration But we know nothing, in *our* practice, of exhibiting and filing, in the sense of *their* proceedings. Our practice is totally different; and an action cannot, *here,* be shown to be pending otherwise than by averring that the same was *entered,* and still remains in the Court undetermined.

It was not necessary to demur specially; it is never necessary to a plea in abatement. There is a late case, reported by *Durnford and East,* in which it was so decided. (*a*)

The substance of the defence is pendency of the former action, which if not averred there is nothing averred which can avail the defendant; and it not being alleged that the proceedings appear of record, as it ought to have been, the plaintiff can neither have *oyer* nor reply *nul tiel record.*

THACHER, J. The plea does not, in my opinion, show that the former action was pending; it is therefore insufficient. A special demurrer was *not necessary; I have never [ * 502 ] known one to a plea in abatement.

SEWALL, J. I am not satisfied that the first objection ought to avail; because I am inclined to think that it does appear by the plea that the former action was pending. But as there is no reference to the record, and as the party has a right of replying to such record, which he cannot do in this case for want of such reference

in the plea, I am also of opinion that it is bad; and whether the defect is in form or substance is immaterial; for want of form, in a plea in abatement, may, as I think, be taken advantage of on a general demurrer.

SEDGWICK, J.   The greatest exactness is required in pleas in abatement; because no plea which goes to prevent a discussion of the merits of the case ought to be favored.   In the present case, the defendant was bound to show clearly, and past all dispute, that the former action was pending at the time of the plea filed.   This does not appear.   Every fact stated in the plea may be admitted to be true, and yet that action might have been previously discontinued. On the other point, the plea ought to have referred to the record. As the plea is, in my opinion, bad on both grounds, there must be

Judgment of *respondeat ouster.* (1)

(1) *Commonwealth* vs. *Churchill,* vol. v. 174

In a subsequent case in this Court, in which a very elaborate opinion was pronounced by C. J. PARSONS, the doctrine of this case, (*Clifford* vs. *Cony,*) that a plea in abatement of a former action must show that it was pending at the time of the plea pleaded, was overruled.   The reason seems to be clear, if the writ was vexatiously sued out; if it was bad in its inception, as it must have been if a prior action for the same cause was pending at the time of the purchase of the second writ, it seems difficult to imagine how any subsequent termination of the first suit can give validity to the second.   The doctrine was very early settled, as appears by a translation of a case in the year-books, (39 *Hen.* VI. 12. pl. 16.) inserted in the margin.

The following case, decided in the Supreme Court of New York, will be of some interest, as relating to the effect produced by the judicial proceedings of the several states upon each other, when pending at the same time. (a)

*Embree & Collins* vs. *Hanna,* 5 *Johns. N. Y. Reports,* 101

The defendant resided in Baltimore, and was indebted to the plaintiffs, as partners, upon book account.   Before the commencement of the suit, the plaintiffs had dissolved their partnership, and *Collins* had assigned his share in the joint property, including this debt, to *Embree.*   After the assignment, Messrs. *Bach and Puffer,* to secure a debt due from *Embree* alone, attached the said debt due from the defendant in *Maryland* according to the laws of that state, which permit a non-resident creditor to attach the goods and credits of a non-resident debtor.

C. J. KENT, who delivered the opinion of the Court, was of opinion that if there had been a recovery against the defendant in *Maryland* as trustee or garnishee of the plaintiff before the commencement of their suit in *New York,* this would have been pleadable in bar, and that the same principle would support a *plea in abatement* of an attachment pending and commenced prior to the present suit.

(a) [*See vide* note to this case.—ED ]